Albert Martin
vs.
Silvertown Garage

W. C. A. No. 1458.

### DECISION.

#### April 7, 1933.

WALSH, J. This is a petition for relief under the Workmen's Compensation Act.

It is admitted that the parties are subject to the provisions of the Workmen's Compensation Act; that the petitioner was injured during the course of his employment by respondent as a mechanic repairing automobiles; that the cause of said injury was "driving out King Pin on front axle of an automobile with hammer and punch tool—steel chip got in eye"; that at the time of said injury, petitioner was receiving wages, earning a salary of Thirty-five Dollars per week; that notice of said injury and claims for compensation with respect to said injury were made in accordance with the provisions of said Workmen's Compensation Act; that respondent had actual knowledge of said injury.

It appears that on December 18, 1930, the parties entered into an agreement, approved by the Commissioner of Labor on December 23, 1930, by the terms of which petitioner was paid compensation for one week and five days at the rate of Sixteen Dollars per week from November 25, 1930, to December 6, 1930, inclusive, and that reasonable medical bills incurred at that time were to be paid by the insurer. The petitioner resumed work at or about the time of the signing of the agreement and continued to work until June 15, 1931, when he claims he was forced to stop work due to the condition of his injured eye. Petitioner further contends that he was obliged to have his right eye removed on October 31, 1932, because of the injury aforesaid. Petitioner now brings his petition within two years after the occurrence of said accidental injury,

which injury occurred on November 17, 1930, for compensation and loss of sight of the right eye and for compensation for disability from on or about June 15, 1931, for an indefinite period, together with reasonable medical and hospital expenses for the removal of said right eye.

In a notation at the top of the agreement signed by the parties and dated December 18, 1930, appears "This form is designed for agreement when adjustment is final. If payments are to continue use preliminary agreement." The terms of the agreement are for total-partial-disability. It purports to be in full settlement and discharge of all compensation due the petitioner. There is no statement that any supplementary agreement was contemplated by the parties at the time. The true intent of the agreement of December 18, 1930, approved by the Commissioner of Labor on December 23, 1930, precluded, in our opinion, the legal rights of the petitioner in the present case. There was nothing left undisposed of, specifically or otherwise. It purported to be and was a final adjustment between the parties. There was nothing left open for future adjustment. There is nothing upon which the employer and employee have failed to reach an agreement.

Mindful that the Workmen's Compensation Act as a remedial statute should be liberally construed and applied in order to effectuate its purpose and finding, as we must, that the loss of the eye was directly due to the injury complained of, it is with great reluctance that we give the legal effect to the agreement which the law compels us to. The petition is denied and dismissed.

For petitioner: Roger L. McCarthy.

For respondent: Hinckley, Allen, Tillinghast, Phillips & Wheeler.